48 F.3d 1223
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 A.Y. McDONALD INDUSTRIES, INC., Plaintiff/Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA; Hartford Accident &
Indemnity Co.; Aetna Casualty and Surety Company; American
Employers Insurance Company; Employers Reinsurance
Corporation; Puritan Insurance Company, also known as
Westport Insurance Corporation; Allstate Insurance Company;
Highlands Insurance Company; National Surety Corporation;
Fireman's Fund Insurance Company, (FFIC); Old Republic
Insurance Company; Twin City Fire Insurance Company; Home
Insurance Company; The Cincinnati Insurance Company, Defendants,
Employers Insurance of Wausau, a Mutual Company, Defendant/Appellee,
and American Insurance Company, Defendant.
 No. 94-2941.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 16, 1995.
Filed: Mar. 14, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 A.Y. McDonald Industries, Inc. (McDonald) appeals a district court[1] order granting summary judgment in favor of Employers Insurance of Wausau (Wausau). We affirm.
 
 
 2
 McDonald manufactured brass valves at its 12th Street plant in Dubuque, Iowa, from 1949 through 1983. During this period, McDonald deposited waste foundry sand on a fill site adjacent to the plant. The sand contained microscopic brass particulate, which, in turn, contained small amounts of lead. The amount of lead in the sand apparently exceeded allowable toxicity levels.
 
 
 3
 The EPA was advised of the sand deposits in 1984 and took action against McDonald under both the Resource Conservation and Recovery Act, 42 U.S.C. Secs. 6901 et seq. (RCRA), and the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Secs. 9601 et seq. (CERCLA). McDonald settled with the EPA in August 1987. The EPA Consent Order directed McDonald to construct a clay cap over a portion of the fill site and develop a plan to monitor the site for thirty years.
 
 
 4
 Subsequently, McDonald filed this action against its general liability insurers, alleging that some of its EPA compliance costs were losses covered by insurance. Wausau, one of the insurers, moved for summary judgment. Wausau argued that, pursuant to the "no-action" clause in Wausau's policies,[2] McDonald's claims are barred because McDonald failed to comply with the policies' notice provisions. It is undisputed that Wausau was not notified of McDonald's environmental claims until January 1989, over four years after McDonald received the original EPA complaint.
 
 
 5
 The district court granted Wausau's motion. Applying Iowa law, the court held that compliance with the notice provisions was a condition precedent to the right to sue on the policies. The court further held that McDonald had failed to establish any genuine issues of fact regarding compliance with the notice provisions. Specifically, the court rejected McDonald's contention that genuine issues of fact exist concerning: 1) whether McDonald "substantially complied" with the notice provisions; 2) whether McDonald's failure to give timely notice was excused; and 3) whether Wausau was prejudiced by the delay in notice. Upon Wausau's motion, the court expressly directed entry of judgment and this appeal followed.
 
 
 6
 We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). The district court's determination of state law is also reviewed de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 
 7
 McDonald argues that the district court erred on numerous grounds. Having carefully reviewed the record, we find that the district court accurately analyzed the issues and properly granted summary judgment in favor of Wausau. We see no need to elaborate on the court's well-reasoned opinion. See 8th Cir. R. 47B.
 
 
 8
 Accordingly, the order of the district court granting summary judgment in favor of Wausau is affirmed.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa
 
 
 [2]
 All the policies at issue contain the following provision:
 No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy....
 E.g., Appellee's App. at 27.